Elnathan C. Fish, plaintiff in error, *vs.* Lorenzo D. Hale *et al.*, defendants
in error.

Elnathan C. Fish, plaintiff in error, *vs.* Lorenzo D. Hale
*et al.*, defendants in error.

By Section 62, page 439, and Section 115, page 449, Session Laws of 1855,
if the written instrument declared on, or set-off, before a Justice of the
Peace, is filed at the time of declaring, or pleading, and giving notice of set-off,
its execution must be denied on oath at the time of such filing, and not after-
wards, in order to put the party relying on it upon proof of its execution.

Hale & Smith brought the action against Fish, in a Justice's
Court, where they declared on the following instrument :

$63. On or before the first day of October next, for value
received, I promise to pay Charles C. Stevenson or bearer,
sixty-three dollars with interest, being a balance due on settle-
ment this day.                      E. C. Fish.
*Sharon, April 25,* 1855.

Fish pleaded the general issue. The note was filed with
the Justice, and the cause adjourned.

On the second adjournment day, Fish made an affidavit
denying the execution of the note, and asked leave to file the
affidavit with the Justice, and amend the pleadings, so as to
enable him to deny the execution of the note under oath.
The Justice refused to receive his affidavit, or permit the
amendment. The cause was again adjourned. On the trial
the defendants in error were permitted to read the note
in evidence, without any proof, against the objection of the
plaintiff in error. No evidence was introduced on the part
of the defendants in error. The counsel for Fish called
a witness, who testified that he had seen Fish write and was
acquainted with his handwriting, and then offered to prove

that the signature to the note was not the genuine signature of Fish, but the Justice refused to receive the testimony. No further evidence was introduced on either side, and the Court rendered judgment for the defendants in error, which, on certiorari to the Circuit Court, was there affirmed, and from that judgment the writ of error was taken.

The only question, in fact, was whether, under the Justices' Act of 1855 (*Sess. L.*, 1855, *p.* 439, *Sec.* 62, *and p.* 449, *Sec.* 115), it was competent for the defendant to deny on oath the execution of the written instrument declared on, at a time subsequent to the time of declaring or pleading, or giving notice of set-off, if such instrument shall be produced and filed with the Justice. This Court held that it was not, and on the fourth day of March, 1857, ordered judgment of affirmance, in the form following: " The record and proceedings in this cause having been brought to this Court by writ of error to the Circuit Court for the County of Washtenaw, and the same having been inspected, together with the matters for error assigned, and it appearing thereupon that in said report and proceedings, or in the giving of judgment by the Circuit Court for the County of Washtenaw, there is no error ; thereupon, it is considered and adjudged by this Court, that the judgment of the said Circuit Court for the County of Washtenaw be, and the same is hereby in all things affirmed, and that said defendant in error do recover his costs in this Court to be taxed, and that execution may issue therefor."

*Beakes & Marsh*, for plaintiff in error.

*Lawrence & Gott*, for defendants in error.