### Samuel Pegg and Charles Swindle vs. Robert Bidleman.

Where plaintiff, in a Justice's Court, declares against two or more defendants as makers of a promissory note, which is signed by a collective name, and which is produced and filed with the Justice, the defendants appearing to the action, and pleading the general issue, without oath, are to be taken under the statute (*Sections 3714 and 3767 of Compiled Laws*) to admit, not only the execution of the note in the abstract, but that it was executed by the parties declared against.

*Heard January 5th. Decided January 11th.*

Case reserved from the Lenawee Circuit, and certified to this Court as follows:

"The Circuit Court for the County of Lenawee: Samuel Pegg and Charles Swindle, plaintiffs in error, against Robert Bidleman, defendant in error.

"Certiorari to John Barber, a Justice of the Peace of the County of Lenawee.

"This cause coming on to be heard upon the return of the said justice, and the question arising upon said return being such as in the opinion of the Circuit Judge should be reserved for the opinion of the Supreme Court, the same is reserved accordingly.

[*] *Ante,* p. 10.

"The said question is as follows: It appears by the return of the said justice that the action was assumpsit; that the suit was commenced in February, 1857, by summons, which was personally served on defendants; that, on the return day, the parties all appeared, and plaintiff produced and filed with the justice and declared verbally against defendants upon a promissory note, as follows:

"Plaintiff declared in assumpsit on promissory note made by S. Pegg & Co., of which the following is a true copy: '$196.62-100. Due A. Coles, or bearer, one hundred and ninety-six dollars and sixty-two cents, for value rec'd. Morenci, Aug. 2d, 1856. S. PEGG & Co.' To plaintiff's damage two hundred five 66-100 dollars. To which defendants pleaded verbally the general issue, without oath.

"That, on a subsequent day to which the cause was adjourned, the parties again appeared, and plaintiff offered and read in evidence, without further proof, the said note; and there being no other evidence in the case, the said justice rendered judgment thereon, against defendants, for $205.69. And defendants thereupon removed the cause to this Court by certiorari, claiming that the justice erred in admitting said note in evidence, and rendering judgment thereon, without proof that defendants composed the firm of S. Pegg & Co., and executed the note.

"E. H. C. WILSON, Circuit Judge."

*W. L. Greenly*, for plaintiffs in error.

*T. M. Cooley*, for defendant in error.

CHRISTIANCY J.:

The statute under which the question in this cause arises is in the following words:

"The execution of a written instrument filed with the justice shall not be denied, except under oath as hereinafter provided."— *Sec.* 3714 *Compiled Laws.*

PEGG *vs.* BIDLEMAN.

" When any written instrument purporting to be executed by one of the parties is declared upon or set off, it may be used in evidence on the trial of the cause against such party without proving its execution, unless its execution be denied by oath at the time of declaring, or pleading, or giving notice of set off, if such instrument shall be produced and filed with the justice."—*Sec.* 3767 *Compiled Laws.*

The plaintiffs in error (defendants below) contend that the statute did not, in this cause, " dispense with proof that the defendants composed the firm of S. Pegg & Co., and executed the note."

Without expressing any opinion touching the necessity of such further proof, in a case where the defendants do not appear, we think that where the defendants, as in this case, actually appear in Court at the joining of the issue, and the plaintiff declares against them in their individual names, producing and filing the note or instrument declared upon, the defendants pleading the general issue without oath, are to be taken to admit, not only the execution of the note or instrument, in the abstract, but that it was executed by the parties declared against; and that if they intend to controvert either of these facts, they must do so on oath, as provided by the statute.

If the statute be so construed as only to admit the execution of the note or instrument in the abstract, *without reference to the party by whom executed*, further proof would in all cases be required; as well where the signature purports to be that of a single individual, as where it purports to be a collective or partnership name; especially (as is usually the case) where the christian name of the individual should be signed by initials only, as was the case of *Fish vs. Hale*, 4 *Mich.* 506.   Such a construction, it seems to us, would defeat the intention of the Legislature, and render the statute almost, if not altogether, nugatory.

The question of partnership of the defendants does not necessarily arise in this case.   The declaration does not allege

that defendants were partners: they are sued in their individual names, and the question is simply whether they executed the note by the name subscribed to it.

The correct rule, we think, is, that the admission of the execution of the instrument contemplated by the statute is an admission that it was executed by the defendants by the name and description alleged in the declaration.— See *Frey vs. Menkins*, 15 *Illinois*, 339; *Pickering vs. Pulsifer*, 4 *Gilman*, 82; *Hoefgan vs. Harrison*, 7 *Indiana*, 594.

The Circuit Courts of the United States have adopted a rule of similar import with the provisions of our statute; and, under that rule, defendants, charged as having executed the note as partners, are held to admit the partnership, if they do not deny it on oath (*Thomas vs. Clark*, 2 *McLean*, 194); and to admit the partnership of plaintiffs, where the note purports to be made to them, as such (*Pratt vs. Willard*, 6 *McLean*, 27).

But the case of *Pursley vs. Morrison*, 7 *Indiana*, 356, must be regarded as settling the question in this case, if the question of defendants' partnership is involved. That case arose under 2 *Ind. Rev. Stat.* p. 44, sec. 80, from which our statute is substantially a copy; and it was held that the failure to deny, on oath, the execution of the note, not only admitted the cause of action against a copartnership, but that a denial under oath by one partner put the plaintiff to proof as to that one only.

Let it be certified to the Circuit Court for the County of Lenawee, as the opinion of this Court, that there is no error in the judgment or proceedings of the justice to whom the certiorari in this cause was issued, and that said judgment ought to be affirmed.

The other Justices concurred.