BELL AND LORD *v.* FOREMAN AND CASE.

------◆------

Henry G. Bell and Charles G. Lord, *Partners, &c., of firm of* Henry G Bell & Co., vs. Alexander A. Foreman and F. Benjamin Case, *Partners, &c., of firm of* A. A. Foreman & Co.

Where suit is brought upon a promissory note signed by a firm name against the individuals composing such firm, a notice by one that he will show on the trial that the note was not given for an indebtedness of the firm, and that the firm name was signed thereto without his knowledge or consent, will not avail to let in such proof. In such case the provisions of C. C. rule 79 are applicable, and the party seeking to set up such a defense must make, file, and serve with his plea, an affidavit denying the execution of the note by him.

*St. Joseph County Circuit Court*, 1869.

Suit commenced by declaration in assumpsit, on common counts, to which was attached a copy of note, with the usual notice to the defendants that the original would be offered in evidence thereunder on the trial. Declaration and copy of note personally served on both defendants.

Copy of note as follows :

" $865 51.                          New York, *June 12th,* 1869.

" Ninety days after date we promise to pay to the order of Henry G. Bell & Co. eight hundred sixty-five 51-100 dollars, at the First National Bank of Sturgis, Mich., value received, with the current rate of exchange on New York.

[Signed,]                    " A. A. FOREMAN & CO."

BELL AND LORD *v.* FOREMAN AND CASE.

The defendant Foreman did not appear, but made default. Case, the other defendant, pleaded the general issue, with a notice appended, in substance, that on the trial he would give in evidence under the general issue that he was not one of the makers of the note declared upon; that said note was not given for any firm indebtedness; and that the firm name was signed thereto without his knowledge or consent, &c.

Cause tried and judgment for plaintiffs for amount of note June 11, 1869.

Defendant Case subsequently moved for a new trial, claiming that he was taken by surprise, and was absent, as, also, some of his witnesses and one of his counsel, when the cause was brought on to trial. The affidavits filed by him in support of his motion showed that the witnesses he relied upon were to prove that he never executed the note himself, and that he never authorized any one to execute it for him, and that this was the only defense he relied upon.

*N. H. Soule,* Plaintiffs' Attorney; *Mason & Melendy* of counsel.

*Allison & Akey,* Defendants' Attorneys; *W. L. Stoughton* of counsel.

*By the Court,* UPSON, J.—Under Circuit Court rule 79, "upon the plea of the general issue in an action upon any written instrument * * * the plaintiff *shall not be put to the proof of the execution of the instrument or of the handwriting of the defendant* unless the defendant, or some one in his behalf, shall file and serve a copy of an affidavit denying the same," &c. "Such affidavit shall be filed, when by the defendant, with the plea," &c.

In this case no affidavit denying the execution of the instrument or the handwriting of the defendant has been filed or served, and the defendant is, therefore, precluded from putting it in issue, as such evidence would at once put the plaintiffs to the proof of the same, which the rule says shall not be done without the filing and serving of the requisite affidavit. The evidence not being admissible, the motion must be denied. See *4 Mich.,* 506; *5 Mich.,* 26; *7 Mich.,* 468; *10 Mich.,* 116; *7 Blackford,* 306; *7 Ind. Rep.,* 185, 306, 356, 594.