### Joseph F. Lobdell and others v. The Merchants' and Manufacturers' Bank of Detroit.

*Declaration: Promissory notes: General issue: Execution: Admission.* In an action upon a promissory note, against makers and endorsers, the general issue, unaccompanied by an affidavit denying the execution of the note, under our practice is an admission by each defendant that he signed the instrument as alleged in the declaration, and also that it was executed by the parties declared against.

*Promissory notes: General issue: Admission: Partners: Signature.* And this admission covers the fact of execution by the defendants by the name and description alleged in the declaration, and does away with any necessity of proving partnership between persons signing in a firm name, and charged as partners.

*Promissory notes: Holder for collection: Suit in his own name.* A bank holding a note as collateral security may, with the assent of the owner, sue upon it in its own name.

*Practice: Documentary evidence: General objection.* An objection to the admission of documentary evidence, which fails to state the particular grounds of incompetency, is too general to raise any question for review.

*Submitted on briefs January 21.　Decided April 5.*

Error to Superior Court of Detroit.

This action was brought by the bank in its own name upon a promissory note held by it as collateral security, and at the request of the owner thereof. The cause was tried by the court without a jury, and judgment was rendered for the plaintiff. Defendants bring error.

*Brennan and Donnelly,* for plaintiffs in error.

*George E. Wasey,* for defendant in error.

MARSTON, J:

In this case it is claimed that the note sued upon has been paid so far as plaintiff in error is concerned. It is a sufficient answer to this to say that the court below has not so found, nor does such a conclusion follow from the facts found.

It is claimed that the court erred in admitting in evi-

LOBDELL *v.* MERCHANTS' & MANUFACTURERS' BANK.

dence the promissory note sued upon, without proof of the endorsements or signatures of the endorsers. The suit was brought against the makers and all the endorsers but one, and his endorsement was admitted to be genuine. The execution of the note and endorsements were not questioned in the pleadings. Where the action, as in this case, is brought against the makers and endorsers, under the plea of the general issue each defendant thereby admits that he signed the instrument as alleged in the declaration, and also that it was executed by the parties declared against.—*Pegg v. Bidleman, 5 Mich.,* 29.

It was also claimed that there was no proof offered showing any co-partnership between defendants Lobdell and Stevens as alleged in the declaration. No such proof was necessary. The admission of the execution was an admission that it was executed by the defendants by the name and description alleged in the declaration.—*Pegg v. Bidleman, supra.*

It is also claimed that the plaintiff had no right to sue this note in its own name and for its own benefit. Under the finding of the court we think it had the right to sue and collect in its own name.—*Brigham v. Gurney, 1 Mich., 349.*

The only other objection made in this court is to the admission of the duplicate notices of protest in evidence. The record states when these notices were offered that the "defendant's counsel objected." It does not appear that any particular objection or reason was given why they were incompetent. The objection was too general. The particular ground of their incompetency should have been pointed out so that the party offering them might have had an opportunity to supply the defect if in his power so to do.

The judgment must be affirmed, with costs.

The other Justices concurred.