GEORGE FREEMAN, JAMES ENRIGHT AND LE ROY M. SPEN-
CER v. HENRY ELLISON.

*Circuit Court Rule 79—"Execution" of Paper—Endorser's Joint Lia-
bility—Variance from Special Count of Evidence Produced under
Common Counts.*

Circuit court rule 79 excuses the plaintiff on a promissory note
from proving its execution if the defendant omits to file an
affidavit denying it. *Held* that the only object of this rule
is to enable the plaintiff to make out a *prima facie* case, not
a conclusive one, and that it would not preclude a defendant
from introducing any defense on the merits that did not con-
tradict the execution of the note. It would not prevent an
endorser from showing that he had signed without consider-
ation, and after the note had been delivered.

The "execution" of a note is only its actual making and delivery.

It seems that where the consideration of a note is open to inqury
at all, it is as much so in behalf of any one of the defendants
as of all.

In an action on partnership paper given *mala fide* but binding
one partner, evidence is admissible to exonerate a co-partner.

Contemporaneous and subsequent guaranties have the same con-
tract force, and differ only as to what considerations sustain
them.

Subsequent endorsement does not make the endorser jointly lia-
ble with his principals, and joint liability is not presumed
when the endorsement is not dated; it is shown by independ-
ent proof of contemporaneous execution.

The production of a note in evidence under the common counts
without objection, will not preclude raising the objection that
it varies from a special count.

The filing of an affidavit of non-execution ought to be allowed
at any stage of a cause if plain injustice will result from
excluding it.

Error to Marquette. Submitted Oct. 17. Decided Oct. 23.

ASSUMPSIT. The facts are in the opinion.

*James E. Dalliba, William H. Wells* and *Ashley Pond* for
plaintiffs in error. A note in suit is legal evidence for the
plaintiff unless void on its face, and receiving it cannot

prejudice the defense, *Myers v. Irwin*, 2 S. & R., 372; unless it is given in evidence there can be no recovery, *Lucas v. Smith*, 42 Ind., 103; *Glenn v. Porter*, 49 Ind., 500, and the court does not, by receiving it, pass upon its genuineness, *Hunter v. Parsons*, 22 Mich., 102. The omission to deny the execution of a note by affidavit is an admission of whatever appears on its face, *Pratt v. Willard*, 6 McLean, 27, or of the alleged contract when that does not vary from the proof, *Polhemus v. Ann Arbor Savings Bank*, 27 Mich., 45, and if the face of the note does not evidence the contract alleged, the omission to file an affidavit does not admit its execution, *McCormick v. Bay City*, 23 Mich., 460. An indorser is not a joint maker, *Gilmore v. Spies*, 1 Barb., 158: 1 Comst., 321; *Ellis v. Brown*, 6 Barb., 288; *Dean v. Hall*, 17 Wend., 215; Story on Prom. Notes, 134 and n.; 2 Pars. on N. & B., 25, and one who signs on the back of a note is presumed in law to be an indorser, *Whitehouse v. Hanson*, 42 N. H., 17. The date of the indorsement must be known to determine whether the indorser is a joint promissor, *Higgins v. Watson*, 1 Mich., 429; *Essex Co. v. Edmands*, 12 Gray, 273; as to *bona fide* purchasers the indorsement is presumed to be contemporaneous with the execution of the note, *Wright v. Morse*, 9 Gray, 337, but as to others, parol evidence is admissible to show that it was not made until after the negotiation of the note, *Way v. Butterworth*, 108 Mass., 509; *Brown v. Butler*, 99 Mass., 179; *Moor v. Folsom*, 14 Minn., 344; *Samson v. Thornton*, 3 Met., 275; *Green v. Shepherd*, 5 Allen, 589; an indorser after delivery cannot be held as maker, *West. B. B. Ass'n v. Wolff*, 45 Mo., 104. The execution of a note, within the meaning of circuit court rule 79, comprises the signature and the delivery. *Hoard v. Little*, 7 Mich., 471; *Burson v. Huntington*, 21 Mich., 428; *Gibbs v. Linabury*, 22 Mich., 479. A defendant on a note, by omitting to file an affidavit denying its execution, is held to admit its authenticity, *Anderson v. Walter*, 34 Mich., 115, its making, *Spicer v. Smith*, 23 Mich., 98, and its execution by those who are alleged to have executed it and by the name or names attached to it, *Pegg v. Bidleman*, 5 Mich.,

27; *Thomas v. Clark,* 2 McLean, 194; *Hæfgan v. Harrison,* 7 Ind., 594; *Abernathy v. Reeves,* Id., 307; *Pursley v. Morrison,* Id., 359; *Taylor v. Gay,* 6 Blackf., 150. Rule 79 does not exclude any defenses that do not go to the execution of the instrument, *Dana v. Underwood,* 19 Pick., 102; *Stevenson v. Farnsworth,* 2 Gilm. (Ill.), 717; *Foresman v. Marsh,* 6 Blackf., 286; *Smith v. McManus,* 7 Yerg., 484; *Sebree v. Dorr,* 9 Wheat., 558; *Longley v. Norvall,* 2 Ill., 389; *Clay F. & M. Insurance Co. v. Huron S. & L. Co.,* 31 Mich., 353; it leaves the burden of proof on the defendant to defeat the plaintiff's *prima facie* case, *Matossy v. Frosh,* 9 Tex., 611. There can be no recovery on an indorsement not executed until after the negotiation and delivery of the instrument, unless there is a new consideration for the indorsement, *Day v. Billingsly,* 3 Bush, 158; *Union Bank v. Willis,* 8 Met., 504; *Benthall v. Judkins,* 13 Met., 265; *Williams v. Perkins,* 21 Ark., 20; *Courtney v. Doyle,* 10 Allen, 122; *Wise v. Neal,* 39 Me., 422; *Tenney v. Prince,* 4 Pick., 385; *Stone v. White,* 8 Gray, 589; nor, where the plaintiffs originated the contract, without new and additional consideration between plaintiffs and defendants, *Homan v. Thompson,* 6 C. & P., 717; *Darnell v. Williams,* 2 Stark., 166.

*Ball & Owen* for defendant in error. An indorser is *prima facie* a joint maker where there is nothing to indicate that the date of the indorsement is different from that of the note. *Rothschild v. Grix,* 31 Mich., 150.

CAMPBELL, J. In this case Ellison declared upon an alleged joint note for $500, made by the three defendants below, the defendants Enright and Spencer signing as partners, dated October 10, 1872, and payable to plaintiff or order in one year, with interest at ten per cent. The declaration also contained the common counts with a copy of a note, in which it appeared that Freeman's name was signed on the back, and the other parties appeared to be makers on the face.

The plea by Freeman was the general issue without affi-

davit, accompanied by a notice purporting, in brief, to rest on the defense that the note was made and delivered by Enright and Spencer to Ellison as a complete obligation, and that Freeman endorsed it without any consideration at Ellison's request, and that no steps were taken to notify him of non-payment.

Enright and Spencer suffered judgment to go by default.

Upon the trial, after introduction of the paper, defendant was excluded from showing that the endorsement was made after the original note had become operative, and it was further held that proof of want of consideration would not avail him.

The rule requiring an affidavit to support a plea declares that without it "the plaintiff shall not be put to the proof of the execution of the instrument or the handwriting of the defendant." Rule 79. It is now claimed for plaintiff below that this precludes any inquiry into the date of delivery or the circumstances of the signing as bearing on any defenses dependent on time in any way.

There is no authority that we know of for any such construction of the rule. Undoubtedly when a plaintiff produces in court an instrument corresponding to the one set forth he is exempted from proving its execution. But the actual time of delivery may involve questions which it would be absurd to hold foreclosed by any such assumption. If a note is dated back in order to include usurious interest, and that defense is set up, it would hardly be regarded as bearing on the question of execution. Execution can only refer to the actual making and delivery, but it cannot involve other matters without enlarging its meaning beyond reason. The only object of the rule was to enable a plaintiff to make out a *prima facie*, not a conclusive case, and it cannot preclude a defendant from introducing any defense on the merits which does not contradict the execution of the instrument introduced in evidence.

It has never been denied that an inquiry may always be made into the consideration of the note, or into the relative positions of the parties as principals and sureties. It has

never been denied that a surety may have a complete defense to a note which he has executed with others. And we can perceive no reason why, in any case where the consideration can be entered into at all, it cannot be examined into on behalf of one defendant as well as all. It certainly is competent to give evidence exonerating one partner on partnership paper given *mala fide*, which may bind his co-partner. In *Tinker v. McCauley*, 3 Mich., 188, the opinion of this court is given that the nature and effect of contemporaneous and subsequent guaranties as contracts is not different, and that the only distinction is as to what consideration will support them. The promise is the same in both, and there is usually no written date except that of the note itself to determine the time of either.

If the admission that a party executed a paper exhibited goes further than to admit that he signed and delivered the paper as it appears, it goes beyond what the plaintiff would be called on to prove in a *prima facie* case, and in bar of a defense which might be specially pleaded.

There is another matter which should not be overlooked. This note was introduced when the declaration with the common counts presented this note appended with all the signatures upon it, and when it was offered it was offered generally and not under the special count. Had there been no special count it cannot be pretended that the note itself indicated of necessity any contemporaneous joint liability. The existence of that would depend entirely upon the date of the endorsement. It has never been held by this court that there is any joint liability on a subsequent endorsement, and the decisions have so far based this not on a presumption, but on independent proof of contemporaneous execution. *Wetherwax v. Paine*, 2 Mich., 555; *Rothschild v. Grix*, 31 Mich., 150. The special count does not describe the note by its form, but only by its legal effect. The production without objection of this note, which was admissible under the common counts, whether endorsed contemporaneously or not, cannot be regarded as precluding objections to its accordance with the special count, and it cannot

be claimed that on its face it is any more consistent with a contemporaneous than with a subsequent execution by Freeman. In this point of view evidence of the time of delivery and of the want of consideration merely disposes of an ambiguity as to whether the original consideration would support the liability; and whether the presumption on the face of the instrument is in favor of plaintiff or defendant, it cannot be conclusive against either. Plaintiff could get no advantage by subsequently withdrawing his claim under the common counts.

As the defendant assumed the burden of proof, the question in regard to presumptions of date on the face of the paper become unimportant. But we think his evidence should have been received.

We take occasion to repeat what we have said before, that there is no reason whatever why a circuit court should not allow an affidavit to be filed at any stage of the cause, and that such leave ought not to be refused where it will work manifest injustice to decline it.

Judgment must be reversed and a new trial granted.

COOLEY, C. J. and GRAVES, J., concurred.

MARSTON, J., did not sit in this case.