CHICAGO & NORTHEASTERN R. R. Co., IMPLEADED WITH
GEORGE F. CUMMIN v. JAMES L. EDSON ET AL.

*Note—Denial of execution—Consideration.*

Refusal of leave to deny the execution of a note on affidavit after appeal from a justice, is discretionary and not reviewable.

Evidence to impeach the execution of a note is inadmissible if it has not been denied by affidavit attached to the plea.

Where the execution of a corporate note is admitted, evidence in defense to show that it was given to satisfy a claim against another is inadmissible to show want of consideration; it would only show that the consideration was another's liability, and defendant's right to assume the liability cannot be questioned if execution has been admitted.

Evidence that a note was given for another's debt is not enough to place on the holder the burden of proving that he paid value for it.

Error to Lapeer.   Submitted Oct. 9.   Decided Oct. 21.

ASSUMPSIT.   The defendant corporation brings error.

*S. B. Gaskill* and *S. F. Seager* for plaintiff in error. Affidavit of non-execution ought to be admitted at any stage of the case, *Freeman v. Ellison,* 37 Mich., 459.

*Hugh McCurdy* for defendants in error.

GRAVES, J.   Edson and the others sued the railroad company as makers and Cummin as indorser of a note for $201.11.   The suit was brought before a justice of the peace and the note was duly filed.   The company made no defense and the justice rendered judgment for the amount of the note.   The company appealed and then moved the circuit court for leave to deny the execution of the note by affidavit.   The motion was refused. Afterwards an attempt was made on further showing to get the refusal vacated, but this was also denied.

We cannot review these proceedings.   The rulings

41 MICH.—85.

were discretionary and we see nothing to cast doubt on their propriety.

The evidence offered to impeach the execution of the note was not admissible. As there was no denial on oath the company was concluded. *Pegg v. Bidleman,* 5 Mich., 26.

The offer to show that the note was given to satisfy a claim by Cummin against the Chicago & Lake Huron R. R. Co. was properly ruled out. If conceded, the fact would only show that the consideration was the liability of another corporation, and not that no consideration existed. The right or ability of the defendant corporation to make an undertaking on account of the other would be a question of authority, and any inquiry in that direction was incompetent against the admission that the note was well executed. As the case stood with the fact admitted that the note was the true paper of the defendant corporation, the plaintiffs below were *prima facie* the *bona fide* holders of the note for value, and there was nothing to impugn their right. All of the rejected proof which was not ruled out on account of its being inconsistent with the admission of execution, only tended to show that the note was given for the debt of another, and this was not sufficient to put the holders to the proof that they paid value. *Harger v. Worrall,* 69 N. Y., 370.

The view expressed covers all the questions, and as no error is shown the judgment given for defendants in error must be affirmed with costs.

The other Justices concurred.