SARAH L. WREN v. THOMAS McLAREN AND GEORGE WREN.

*Affidavit of non-execution of joint note.*

Where several persons are sued jointly as makers of a promissory note an affidavit by one of them that he has neither executed the note nor authorized any one to execute it for him is sufficient to put the execution and validity of the note at issue, so far as he is concerned, even though his co-defendants do not join in the affidavit.

Error to Shiawassee. Submitted Apr. 13. Decided Apr. 19.

ASSUMPSIT. Defendant McLaren brings error. Reversed.

*A. R. McBride* for appellant.

*Joseph M. McGrath* and *Hugh McCurdy*, for appellee, cited *Mills v. Bunce* 29 Mich. 364, and *Freeman v. Ellison* 37 Mich. 459.

CAMPBELL, J. Mrs. Wren sued McLaren and George Wren on a promissory note dated at Corunna May 2, 1881, for $100, with interest at 8 per cent., payable in 90 days, and purporting to be signed "*McLaren & Wren.*" George Wren was defaulted. McLaren pleaded the general issue, and annexed to his plea an affidavit denying not only the execution of the note by himself, but also its execution by any one having authority to bind him or to bind defendants jointly.

On the trial the circuit judge held that this affidavit was not sufficient without an affidavit from Wren also, to allow any defense to be introduced against the existence of the note as executed by defendants, and ordered judgment for plaintiff.

This affidavit was as broad as it could very well be made, and distinctly denied any such execution by any one as would bind McLaren. To require one defendant to lose his defense unless his co-defendant will join him in an affidavit of non-execution would subject him to such danger of fraud

and collusion as would render such a rule as contained such a requirement unjust and arbitrary in the extreme. No such meaning can be applied to the rule which requires a plea to be supported by affidavit; and such dangerous practice can receive no sanction. The regulation was intended to prevent sham defenses or surprises, and not to entrap men into responsibilities they never incurred. *McCormick v. Bay City* 23 Mich. 457; *Anderson v. Walter* 34 Mich. 114; *Freeman v. Ellison* 37 Mich. 459.

The affidavit was sufficient to put the execution and validity of the note in issue, and the court erred in holding otherwise.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.