JOHN JENKINSON v. MONROE BROTHERS & CO. (A CORPORATION.)

[See 61 Mich. 454.]

*Contract—Pleading—Denial of execution—Parol evidence— Interpretation.*

The *law* of this case is held to have been settled in the former opinion (61 Mich. 454), to which the trial court conformed on the second trial, and the judgment is affirmed.

Error to Iosco. (Tuttle, J.) Argued June 14, 1888. Decided October 19, 1888.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Atkinson & Vance,* for appellant.

*Shepard & Lyon,* for defendant.

CHAMPLIN, J. This is the same case as that reported in 61 Mich. 454 (28 N. W. Rep. 663), where a judgment for the plaintiff was set aside and a new trial ordered. It has again been tried, and resulted in a verdict and judgment for defendant.

The facts of the case are not materially variant, as presented by the plaintiff, from those which appeared upon the former trial, and a restatement of them here is unnecessary. In the opinion then delivered the law of the case was settled, and the circuit judge has upon the retrial conformed to that opinion. We do not think that any of the rulings upon the admission of testimony, to which the plaintiff has taken exception, were erroneous.

The only new position assumed upon the trial of this case, which was not raised upon the other trial, was that the plaintiff, having declared upon the contract, and set it out in his declaration in what purported to be its very terms, and the defendant having pleaded the general issue without denying its execution under oath, must be held to have admitted the execution of the contract in manner and form as alleged.

The circuit court held with the plaintiff upon this proposition, and charged the jury that the contract, as set out in the declaration, must govern them; and that the plaintiff was entitled to recover $14 a thousand feet for all lumber sawed and piled on the dock, and which, in the usual course of trade, could have been shipped by the defendant in the fall of 1883.

That the fact that the defendant's dock at Cleveland was so situated that vessels of ordinary draft could not deliver a cargo of lumber at it was no excuse for the defendant not shipping the lumber in the fall of 1883; and if they should find from the evidence that the defendant shipped lumber from the same port where this lumber was, and procured vessels that fall for its lumber after this lumber was ready for shipment, that fact might be considered in determining whether or not the defendant could have shipped this lumber that fall; and the fact that freights were high or higher than usual during the fall of 1883 would not excuse the defendant for not shipping the lumber after it was ready for shipment, in the fall of 1883.

He further instructed them that they should charge the defendant with all the lumber that was sawed and piled on the dock during the fall of 1883, and which, under the terms of the contract, should have been shipped by the defendant, and credit it with all the payments, and also the fair market value of the lumber that was

ready for shipment that fall, which the plaintiff afterwards sold.

He also charged the jury, substantially as requested by the plaintiff's counsel, that in determining what the parties meant by that clause in the contract which reads,—

"And said lumber shall be shipped within 30 days after the same is sawed and piled on the dock,"—

They might consider the testimony bearing upon what the original talk, agreement, or understanding between the parties was before the contract was drawn; and, again, that the time when the lumber should be shipped must be determined by the jury, upon consideration of all the circumstances and proofs in the case, and payment could only be had for such lumber as should be shipped three months after the time shipments should be made, and that might apply to only a part of the lumber.

In the opinion of the Court, when the case was before us on the former occasion, Mr. Justice MORSE said:

"With this clause out, the time of shipment would not be stated in the written contract; but the law would imply that it must be shipped in a reasonable time; and the agreement claimed to have been made at Cleveland, and which was proposed to be shown by this excluded testimony, would be, as before suggested, in our opinion, not only a reasonable interpretation of the contract with the clause retained, but a reasonable performance of the contract without the clause; so that, in no sense, can it be said to alter, vary, or modify the terms of the written contract itself."

The excluded testimony referred to was admitted upon the last trial, and the circuit judge submitted the facts to the jury under the law as laid down by this Court in the opinion referred to. The jury have found those facts against the plaintiff, and we cannot, without overruling our former decision as to the law of the case, reverse the judgment.

It will be affirmed, with costs.

SHERWOOD, C. J., MORSE and CAMPBELL, JJ., concurred. LONG, J., did not sit.