WILLIAM H. INGLISH v. EDWARD E. AYER.

*Contract—Proof of execution—Agency.*

1. By pleading the general issue, and failing to deny under oath the execution of a contract set forth in the declaration, as provided by Circuit Court Rule No. 79, its execution, as also the authority of an agent by whom the defendant's name purports to have been signed to the contract, is admitted.

2. A contract for the sale and delivery on rail of vessel of a quantity of cedar ties was executed by an agent of the vendee duly authorized for that purpose, and in a suit brought on the contract to recover the balance of the purchase price a letter was introduced in evidence, written by the defendant to the agent, in care of the plaintiff, directing the agent to deliver the ties over the rail of a designated vessel, and consign them to the defendant at his place of residence, and the plaintiff testified that the letter referred to the ties gotten out under the contract. And it is held that the evidence was sufficient, *prima facie,* to show that the agent continued to act as such for the defendant, by his authority, in the inspection of the ties and in the agreement as to the amount due thereon, and that plaintiff was justified in so treating him.

Error to Iosco. (Simpson, J.) Submitted on briefs June 10, 1892. Decided June 17, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*C. R. Henry,* for appellant.

*M. J. Connine,* for plaintiff.

GRANT, J. Plaintiff brought suit upon a written agreement, executed, as he claims, between himself and the defendant. Inglish resided in East Tawas, Mich., and the defendant in Chicago. The contract on the part of the defendant was signed "Ed. E. Ayer, by J. A. Widner." The contract was set forth *verbatim* in the declaration.

The plea was the general issue, with notice of former suit for the recovery of the same claim and satisfaction thereof, and set-off. The bill of particulars of the set-off contained five items of cash paid, which plaintiff admits receiving. The defendant introduced no evidence, and verdict and judgment were for the plaintiff.

1. The defendant objected to the introduction of the contract in evidence upon the ground that its execution had not been proven. The plea admitted the execution of the contract, and that Widner was authorized by the defendant to execute it in his behalf. *Jacobson v. Miller,* 41 Mich. 90; *Pegg v. Bidleman,* 5 Id. 26; *Lobdell v. Bank,* 33 Id. 408; *Peoria, etc., Ins. Co. v. Perkins,* 16 Id. 380.

2. The property sold consisted of cedar ties, which were to be delivered " on rail of vessel " during the season of 1887. The contract was dated December 9, 1886. Widner continued to act as the agent of Ayer after the execution of the contract. A vessel was furnished, and the ties delivered and shipped under Widner's direction. The suit was commenced by attachment. Several affidavits were filed in the case, signed by Widner, swearing that he was the agent of the defendant. I think the testimony was sufficient. A letter was put in evidence, written by the defendant to Mr. Widner, in care of plaintiff, directing Widner to deliver over the rail, to a vessel mentioned in the letter, the cargo of cedar ties, and consign to him at Chicago. Plaintiff testified that this letter referred to the ties gotten out under the contract. I think this evidence was sufficient, *prima facie,* to show that Widner continued as the agent of the defendant, by his authority, in the transactions subsequent to the execution of the contract, and that plaintiff was justified in so treating him. They agreed upon the inspection and the amount due, and Widner made five payments upon the contract.

There being no conflict of evidence, the court should, in my judgment, have directed a verdict for plaintiff, rather than to have left the question to the jury. The agency of Widner was the only question involved, and the verdict is in accordance with the facts and the law.

Judgment is affirmed.

The other Justices concurred.