THE UNION CENTRAL LIFE INSURANCE COMPANY v.
CLARENCE M. HOWELL ET AL.

*Principal and agent—Bond—Pleading—Denial of execution—
Evidence—Instructions to jury.*

1. Where, in a suit upon a bond given by an agent to secure the
   performance of his contract with the principal, a copy of the
   bond is served with the declaration, and the defendants plead
   the general issue, and no affidavit denying the execution of
   the bond is filed under Circuit Court Rule No. 79, the plaint-
   iff cannot be put to proof of the execution of the instrument
   or the handwriting of the defendants, and testimony tending
   to show that the bond was not executed until some time
   after the date which it bears is inadmissible.[1]

2. Where, in such a case, the testimony is conflicting as to whether
   the contract, to secure the performance of which the bond was
   given, was superseded or suspended for a time by a later
   contract, such disputed fact should be left to the jury.

3. Where, in such a case, there is evidence tending to show that
   the agent received some items, at least, under the original
   contract, for which the bond would stand as security, the
   court cannot properly deny plaintiff the right to a verdict
   upon the ground that the amount so received is in dispute, it
   being the province of the jury to say how many and what
   items are shown to have been due to the plaintiff.

Error to Saginaw. (Edget, J.) Submitted on briefs
June 8, 1894. Decided June 26, 1894.

———

[1] See note at end of the opinion.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Swarthout & O'Keefe,* for appellant.

*John A. Combs* and *Herbert A. Forrest,* for defendants.

HOOKER, J. The plaintiff having appointed defendant Howell its general agent, a contract was executed between them, and a bond, signed by Howell as principal and the other defendants as sureties, was delivered to the plaintiff, upon which bond this action was brought, a copy of the bond being served with the declaration. The plea was the general issue, and no affidavit denying the execution of the bond was filed under Circuit Court Rule No. 79. Upon the trial it appeared that the parties to the con- tract had dealings under it, and that advances were made to Howell by the company, commencing in January, 1890, and continuing to March, 1891, and there was evidence tending to show a balance due to the plaintiff under said contract. The defendants were allowed to introduce the evidence of one of their number to the effect that he executed the bond some time in March, 1890, and testi- mony tending to show that the bond was not accepted by the company until that time. They were also permitted to give evidence tending to show that, during the period mentioned, there was a time when Howell associated him- self with one Clark in the business, and that a new contract was made with the plaintiff, under which they worked, and which superseded the contract in question. This was disputed, and Howell not only did not produce such con- tract, but said, on re-direct examination by plaintiff's counsel, that the arrangement between himself and Clark was private, and not between them and the plaintiff, and that the amount of business done by them was small, and kept entirely separate; that "my account was kept entirely

separate from Mr. Clark's;" that "that was a private arrangement between Mr. Clark and myself, and not between Mr. Clark and the company;" that "the contract was from June, 1890, to the end of the year, but it did not affect the old contract."

The court directed a verdict for the defendants, holding:

1. That there was no liability for dealings before the delivery of the bond, which he found to be in March.

2. That "the original agreement was superseded in June by a fresh agreement, made with Mr. Howell and Mr. Clark jointly, and, when Mr. Howell himself resumed business under the original contract in September, the proof fails to disclose how much he collected, and how much he held for his own purposes, for the period commencing with September and continuing to March 4, 1891, and there is no way on the basis of the proofs of eliminating the months of June and July, and leaving the others to stand separately."

3. That, as against the sureties, no proofs in the case disclosed the amount due by the defendants to the plaintiff.

The court said that, if counsel could agree upon the amount due from the defendant Howell, a judgment might be rendered against him, but his counsel declined, saying that they "objected to any judgment against Howell, because there was no way of ascertaining the amount due at that stage of the case."

The trial judge was in error in permitting evidence in contradiction of the writing. Under Circuit Court Rule No. 79, the plaintiff could not be put to proof of the execution of the instrument or the handwriting of the defendants, such execution not being denied by affidavit. It was as though admitted that the defendants executed and delivered the writing according to its terms. *Jenkinson v. Monroe Bros. & Co.*, 71 Mich. 630; *Inglish v. Ayer*, 92 Id. 370; *People v. Johr*, 22 Id. 461. Furthermore, the bond was an undertaking to "pay or hand over all moneys belonging to said company, which shall at any

time be received by him or for which *he shall be liable,* whether the same *shall be or shall have been received* by him personally and solely, or hereafter may owe said company, either on account of advances to him or otherwise, and shall faithfully discharge the duties as said agent," and by its terms covered amounts received as such agent from the date of his appointment, if afterwards due and owing to the company.

We think, also, that it was not for the court to determine that the contract was superseded or suspended, the fact being disputed. It should have been left to the jury to say whether it was or not.

Neither could the court properly deny plaintiff the right to a verdict upon the ground that the amount was in dispute. There was evidence tending to show that Howell had received some items, at least, and it was the province of the jury to say how many and what items were shown to have been due to plaintiff.

Other allegations of error appear, which we think it unnecessary to discuss.

The judgment will be reversed, and a new trial ordered.

The other Justices concurred.

---

DENIAL OF EXECUTION OF WRITTEN INSTRUMENT UNDER CIRCUIT COURT RULE NO. 79.

For cases bearing upon the proper construction of and practice under Circuit Court Rule No. 79, which provides that upon the plea of the general issue in an action upon any written instrument, under seal or without seal, the plaintiff shall not be put to the proof of the execution of the instrument or the handwriting of the defendant, unless the defendant, or some one in his behalf, shall file and serve a copy of an affidavit denying the same; that this rule shall apply in actions brought against indorsers as well as other parties, and in favor of a defendant in cases where claims by way of set-off are insisted upon by him; that it shall be filed, when by the defendant, with the plea, and, when by the plaintiff, within 10 days after service of the specific set-off claimed; but

that the court may, upon proper showing, enlarge the time for filing such affidavit,—see:

### To What Instruments the Rule Applies.

1. *Hoard v. Little*, 7 Mich. 468, holding that the rule was adopted with reference to the statutes which provide that, in all actions on bills of exchange and promissory notes, the plaintiff may declare on the money counts only, and give the bill or note in evidence thereunder, where a copy of the bill or note has been served with the declaration, and that, in case of default, the clerk may assess the damages as though the bill or note had been specially declared upon; and that the rule is not restricted to instruments specially counted on.

2. *Elliott v. Green*, 10 Mich. 113, holding that the rule was designed to cover cases of private instruments, and not such undertakings in the course of justice as are at least *prima facie* evidence of themselves when produced; and that, although a recognizance of special bail is in one sense a written instrument, it is not covered by the rule.

### Amendment of Plea by Filing Affidavit.

1. *Polhemus v. Savings Bank*, 27 Mich. 44, holding that the circuit court has power, in its discretion, to allow a defendant to amend his plea by putting in an affidavit denying the execution of the instrument declared upon.

2. *Freeman v. Ellison*, 37 Mich. 459, holding that there is no reason why a circuit court should not allow an affidavit of denial to be filed at any stage of the cause; and that such leave ought not to be refused where it will work manifest injustice to decline it.

3. *Towle v. Dunham*, 76 Mich. 251, 253, where suit was brought against the members of a firm upon promissory notes purporting to have been executed in the firm name. Three of the defendants pleaded separately, and gave notice that the notes were signed by the fourth defendant while he was a member of the firm, and used by him in his own business, of which fact plaintiffs had notice when they received the notes. Prior to the death of the fourth defendant, the case had been noticed for trial at three several terms of court, and after his death it was revived against the remaining defendants, who on the trial asked leave to file an affidavit denying the execution of the notes by them or either of them, said affidavit to be in substantial compliance with the notice attached to their plea. No showing was made to excuse the delay in filing such affidavit. And it was held that the discretion of the court in denying the motion was properly exercised.

4. *Savings Bank v. Circuit Judge*, 83 Mich. 647, where, on the trial of a suit brought on village bonds, the testimony tended to

show that the bonds sued upon were not the ones authorized to be issued, but another set of the same amount, and containing recitals upon their face which the plaintiff claimed induced it to purchase in the belief that the bonds were such as the village had power to issue. The village had not denied the execution of the bonds under the rule, and, after the case was submitted to the court for decision, entered a motion for leave to amend its plea by adding an affidavit denying such execution, claiming that the latter bonds were never issued by authority of the village. And it was held that the allowance of the amendment, as in the nature of one to cover proofs, was within the discretion of the trial judge.

### Sufficiency of Affidavit.

1. *McCormick v. Bay City*, 23 Mich. 457, holding that the affidavit of denial should not be subjected to any very technical rules of construction; that if it appears that the defendant means to contest the execution or delivery of the instrument declared upon, in good faith, any legal questions concerning the *sufficiency* of the defense should be reserved for the trial, when the facts can all be presented; that it never was designed that a defendant should be compelled in his affidavit to state every fact, but merely to indicate his defense, or to make a plain denial.

2. *Mills v. Bunce*, 29 Mich. 364, where an action was brought against three partners upon two promissory notes, purporting to have been made by the firm in the firm name. Two of the defendants made and filed an affidavit, in which each for himself denied that he ever signed, executed, or delivered either of the notes. And it was held that this was such an affidavit as in every case of a partnership note might be made by each of the partners except the one who actually signed in the partnership name, and delivered the instrument; that the denial in such a case should either be jointly on the part of all the defendants, or, if a part of them only file an affidavit on their own behalf, the denial should be broad enough to negative such a proper execution of the instrument in the partnership name by another partner as would bind the defendants who file it as makers.

3. *Anderson v. Walter*, 34 Mich. 113, where the declaration counted upon a negotiable note, and the defendant pleaded the general issue, and filed an affidavit setting forth that the signature to the note he believed to be his, but that the same was procured under circumstances, fully set forth, which would render him not liable thereon. Upon the trial, evidence offered by the defendant to show that he never signed the note was objected to, because in his affidavit he had not denied the execution of the note. And it was held that a defendant cannot be required to swear that

101 MICH.— 22.

the signature appearing upon an instrument is not his genuine signature, in order to deny the execution; that the signature may be genuine, and yet the instrument a forgery; that in such a case he could not deny the signature under oath, but would admit it, and set up facts from which it would appear that he was not bound by or ever executed the instrument sued upon.

### Effect of Affidavit may be Rebutted by any Competent Testimony.

*Hunter v. Parsons*, 22 Mich. 96, where plaintiff sued upon a promissory note purporting to have been made by the defendant to a third person. The defendant filed an affidavit denying that he ever executed any such note as the one sued upon, and on the trial testified that he believed the note produced was signed by him, but that it had been altered; that the words "or bearer" had been inserted, and the rate of interest changed. The payee was not called by the plaintiff as a witness to the genuineness of the note. Exception was taken by the defendant to the refusal of the court to instruct the jury that if the plaintiff had means of showing that the note was executed by the defendant, as then produced, by the person to whom it was given, it was his duty to produce him or account for his absence. And it was held that the affidavit merely put the plaintiff on proof of the execution of the note; that there is no rule of law which makes one witness admissible or necessary in preference to another, except where there are subscribing witnesses; and that in other cases an instrument may be proved by any competent testimony.

### Effect of Affidavit Denying Delivery but not Signature.

*Burson v. Huntington*, 21 Mich. 415, 427, where suit was brought in justice's court upon a promissory note, the *delivery* of which the defendant denied under oath, under How. Stat. § 6875, which provides that the execution of a written instrument filed with the justice shall not be denied except under oath, and How. Stat. § 6928, which provides that when any such instrument, purporting to be executed by one of the parties to the suit, is declared upon or set off, it may be used upon the trial without proving its execution, unless such execution is denied upon oath. And it was held that granting, but not deciding, that, under the statutes, the execution of the note would include its delivery as a part of such execution, the signature certainly constituted a part of such execution; that the affidavit, being special,—not denying the execution of the note generally, but merely its delivery,—admitted, by a very clear implication, defendant's signature; and that the case upon the trial stood in all respects as if such signature had been admitted in open court. And *Machine Co. v. McKee*, 51 Mich. 426, holding the same doctrine where the suit was commenced in

the circuit court, and the *delivery* of the note sued upon was denied under the rule.

## Effect of Affidavit of Denial.

1. *Ortmann v. Merchants' Bank*, 41 Mich. 482, where the defendant was sued as drawer and indorser of a bill of exchange which the plaintiff had discounted for the acceptors, and the defense relied upon was that the time of payment had been changed after the bill was signed and indorsed by defendant, without his consent or knowledge. That a change had been made was not disputed on the trial, and the question was whether it was made before or after the defendant's execution of the paper. Defendant denied the execution of the instrument under the rule. And it was held that the burden of proof was upon the plaintiff to show that the instrument set forth in the declaration was signed by defendant as alleged.

2. *New York Iron Mine v. Citizens' Bank*, 44 Mich. 344, where the defendant was sued upon a bill of exchange purporting to have been drawn in its name "by W. L. Wetmore." It pleaded the general issue, and filed an affidavit denying the execution of the bill. And it was held that this plea and denial imposed on the plaintiff the necessity of proving that the draft was drawn by Wetmore with competent authority.

3. *Wren v. McLaren*, 48 Mich. 197, where suit was brought on a note signed "McLaren & Wren." Wren was defaulted, and McLaren pleaded the general issue, and annexed to his plea an affidavit denying not only the execution of the note by himself, but also its execution by any one having authority to bind him or to bind defendants jointly. And it was held that the affidavit was sufficient to put the execution and validity of the note in issue.

## Effect of Failure to File Affidavit of Denial.

1. *Insurance Co. v. Perkins*, 16 Mich. 380, 384, where the plaintiff, as assignee, counted in his declaration upon an insurance policy as issued at a certain date, and continued by renewal. and on the trial submitted in evidence the policy and instrument of renewal. Testimony having been given on the part of the plaintiff to show that he was at the time of the renewal, and for some time theretofore had been, the agent of the company, the latter offered several items of testimony, and consisting chiefly of entries in the insurance register of the plaintiff, with the avowed purpose of proving that the original policy was canceled, and that the renewal receipt, if given at all, was fraudulently given by the plaintiff after the fire. The plaintiff opposed the admission of this testimony as incompetent and immaterial, and the court held the testimony admissible to affect the credit of the plaintiff as a wit-

ness, and inadmissible for any other purpose. And it was held that the policy and instrument of renewal constituted the contract on which the action was brought, and, since these were in writing, their due execution as alleged could not be questioned by the company under its plea of the general issue, which was unaccompanied by the affidavit required by the rule; that the failure to make such an affidavit was an admission by the company that it did not mean to contest the fact of execution, and, as a consequence, the policy and renewal must be taken as having been duly executed as alleged, and there could be no occasion to inquire as to a supposed cancellation of the policy before the renewal, inasmuch as the latter, if well executed, as admitted, gave life to the former, which continued to the time of the fire; and there was nothing, therefore, in the decision of which the company could complain. And *Insurance Co. v. Manufacturing Co.*, 31 Mich. 346, 351, holding the same doctrine.

2. *Thatcher v. Bank*, 19 Mich. 196, where, in a suit by an indorsee upon a promissory note, a copy of the note with the indorsement was served with the declaration. No affidavit under the rule was filed. On the trial the note and indorsement were read in evidence without objection. And it was held that the court was right in refusing to charge that it was necessary to prove the indorsement in any other way.

3. *People v. Johr*, 22 Mich. 461, where suit was brought for an alleged breach of the bond of a county treasurer, given to the Auditor General, in failing to pay over to the State Treasurer moneys received for sales of lands for taxes, and objection was made that there was no evidence that the bond had ever been delivered to or filed with the Auditor General. There was no affidavit of the defendants, or any of them, filed under the rule, denying the execution of the bond. And it was held that, under the rule, the execution included delivery, by which alone the instrument, though signed, could become effectual, and that, therefore, the delivery of the bond was admitted.

4. *Spicer v. Smith*, 23 Mich. 96, holding that the failure of the maker of a promissory note, who is sued alone by an indorsee, to deny under oath the execution of the note or the indorsement, or the authority of the agent by whom the indorsement purports to have been made, will not relieve the plaintiff from proving that the indorsement was made by said agent, and that he had authority to make it; and that the admission of the note without such evidence of plaintiff's title is error.

5. *McCormick v. Bay City*, 23 Mich. 457, holding that a plea of the general issue to a declaration upon a sealed obligation admits the execution of the instrument described in the declaration, but not of any other; that such an admission will not dispense with

, the necessity of producing the instrument in court; that if, on being produced, it proves to be an unsealed bond, it is error to assume that there is no variance, and receive it in evidence without proof of execution.

6. *Polhemus v. Savings Bank*, 27 Mich. 44, holding that the effect of the failure of the defendant to deny the execution of a promissory note set forth in the declaration is to admit that the note was given substantially in the form specified in the declaration, which admission he is not at liberty to contradict; and *Jenkinson v. Monroe Bros. & Co.*, 71 Mich. 630, holding the same doctrine.

7. *Jennison v. Haire*, 29 Mich. 207, where in a suit upon a replevin bond, which was expressly counted upon in the declaration, and the execution of which was not denied under oath, the defendants and appellants assigned as error the admission of evidence to establish the execution of the bond. And it was held that, by omitting to question the execution of the bond, the defendants admitted it, and by so much narrowed the issue; that, for the purpose of the trial, this admission conclusively established the execution and delivery of the bond; and that the outside facts which were gone into, as to the way in which the paper was really executed, did not impair or overreach the effect of the admission, or work any legal prejudice to the defendants.

8. *Lobdell v. Bank*, 33 Mich. 408, where suit was brought against the makers and indorsers of a promissory note, the execution of which, or of the indorsements, was not denied under oath. The makers were copartners, and the note purported to be executed in the firm name. And it was held that, under the plea of the general issue, each defendant thereby admitted that he signed the note as alleged in the declaration, and also that it was executed by the parties declared against; that no proof of the copartnership of the makers was necessary, as the admission of the execution of the note was an admission that it was executed by the defendants (makers) by the name and description alleged in the declaration.

9. *Curran v. Rogers*, 35 Mich. 221, where one member of a firm, in the presence of the other, signed in the firm name a contract for the purchase of standing timber. The contract also provided for the refusal of the land for a given time at a stated price. Within the term of the option, a notice in the firm name, signed by the same partner who had signed the contract, that the firm had concluded to buy the land, was served on the vendor. The firm afterwards took possession, and exercised and asserted acts of ownership beyond what related to the timber. The vendor sued for breach of the contract, and the partner who did not sign the contract sought to avoid it as invalid on the ground that his copartner was not authorized to act for the firm. And it was held

that the plea of the general issue, which alone was pleaded, admitted the execution of the contract and notice, which were set out *verbatim* in the declaration, and alleged to have been jointly executed.

10. *Freeman v. Ellison*, 37 Mich. 459, where plaintiff declared specially upon an alleged joint note for $500, made by the three defendants, two of whom signed as copartners, and also upon the common counts, with a copy of the note attached, in which it appeared that the third defendant signed on the back, and the other defendants as makers on the face, of the note. The third defendant pleaded the general issue, without affidavit of denial, but accompanied by a notice purporting, in brief, to rest on the defense that the note was made and delivered to the plaintiff as a complete obligation; that he indorsed it, without any considera- tion, at plaintiff's request; and that no steps were taken to notify him of its non-payment. The other defendants suffered judgment to go by default. Upon the trial, after the introduction of the note, the third defendant was excluded from showing that the indorsement was made by him after the original note had become operative, the plaintiff claiming that the rule precluded any inquiry into the date of delivery, or the circumstances of the signing, as bearing upon any defenses dependent on time in any way. And it was held:

*a*—That there is no authority for any such construction of the rule; that, while a plaintiff who produces in court an instrument corresponding to the one set forth in his declaration is exempted from proving its execution, the actual time of delivery may involve questions which it would be absurd to hold foreclosed by any such assumption; that if a note is dated back in order to include usurious interest, and that defense is set up, it would hardly be regarded as bearing on the question of execution; that execution can only refer to the actual making and delivery, and cannot involve other matters without enlarging its meaning beyond reason; that the only object of the rule is to enable a plaintiff to make out a *prima facie*, not a conclusive, case, and it cannot preclude a defendant from introducing any defense on the merits which does not contradict the execution of the instrument intro- duced in evidence.

*b*—That the declaration with the common counts, to which a copy of the note was attached, presented the note with all of the signatures upon it, and it was offered generally, and not under the special count; that, had there been no special count, it could not be pretended that the note itself indicated of necessity any contemporaneous joint liability, the existence of which would depend entirely upon the date of the indorsement; that the special count did not describe the note by its form, but only by its legal

effect; that the production without objection of the note, which was admissible under the common counts, whether indorsed contemporaneously or not, could not be regarded as precluding objections to its accordance with the special count, and it could not be claimed that on its face it was any more consistent with a contemporaneous than with a subsequent execution by the third defendant.

11. *McMillen v. Beach*, 38 Mich. 397, where, after the defendant had appealed from a justice's judgment, the plaintiff filed a new declaration, differing from the one filed with the justice only in that there was appended thereto a copy of the note sued upon. It did not appear that this amended declaration was ever served on the defendant or his attorney, or brought to the attention of either until the case was on trial. The plaintiff offered the note in evidence without making any proof of its execution, and it was admitted over defendant's objection. And it was held that the rule is one in furtherance of justice, and to save the necessity of proof where the defendant declines to dispute the execution of the contract on oath when full opportunity is allowed him for the purpose; and that to apply it in a case like the one in question would be subversive of justice, instead of being in furtherance of it.

12. *Jacobson v. Miller*, 41 Mich. 90, 95, holding that where, in a suit to recover rents reserved in a written lease, the execution of the lease is not denied under the rule, the question of its execution is left wholly outside the issue made and actually passed upon, and the defendant will not be precluded, by the recovery of a judgment in favor of the plaintiff, from denying the execution of the lease in a second suit brought to recover rents claimed to have accrued thereon subsequently.

13. *Insurance Co. v. McClellan*, 43 Mich. 564, holding that the defense that the note of a married woman was not given on such a consideration as binds her is not waived by her failure to file an affidavit under the rule denying the execution of the note.

14. *Montross v. Insurance Co.*, 49 Mich. 477, holding that where in a suit upon an insurance policy, which the plaintiff alleges has been renewed, the declaration fails to set forth a written renewal, the plea of the general issue is sufficient to put plaintiff to proof of the execution of the renewal.

15. *Simon v. Insurance Co.*, 58 Mich. 278, holding that the averment in a declaration on an insurance policy, that the policy was made and issued to the plaintiff as described, is admitted if not denied by an affidavit filed with the plea, and that questions arising out of an alleged mistake in the name of the insured, or relating to the ownership of the policy, or the mode of its procurement, are not open to consideration.

16. *Lorscher v. Knights of Honor*, 72 Mich. 317, holding that where, in a suit on a certificate issued by a benefit association, the declaration avers that there was duly prepared a paper, in the usual form, assuring to the member and to the plaintiff the benefit sued for on the death of the member, which averment is not denied by the defendant under the rule, the execution of the certificate will be deemed to be admitted for the purposes of the trial, which admission will support a verdict in favor of the plaintiff, although the certificate is not introduced in evidence.

17. *Towle v. Dunham*, 76 Mich. 251, holding that, while the neglect of defendants, sought to be charged as copartners, to deny the execution of the note sued upon, purporting to be signed by one partner in the firm name, admits the genuineness of such firm signature and the authority of the partner to affix the same (citing *Danaher v. Hitchcock*, 34 Mich. 516), it does not admit that the firm received a consideration for such promise, or preclude the defendants from showing the fraud practiced upon them in the use made of the firm paper.

18. *Brewing Co. v. McKittrick*, 86 Mich. 191, holding that in a suit by the payee in a judgment note, commenced by declaration, to which a copy of the note is annexed, with a notice that it constitutes the plaintiff's sole cause of action, the execution of the note need not be proved unless denied under oath.

19. *Dewey v. Railway Co.*, 91 Mich. 351, holding that the failure of a railroad company to deny the execution of a note purporting to have been signed by the company by its auditor is an admission that the note was so signed; but whether the authority of the auditor to execute the note is also admitted, *quaere*, the jury having found that he had such authority.

20. *Inglish v. Ayer*, 92 Mich. 370, holding that by pleading the general issue, and failing to deny under oath the execution of a contract set forth in the declaration, its execution, as also the authority of the agent by whom the defendant's name purports to have been signed to the contract, is admitted.

21. *Hemminger v. Western Assurance Co.*, 95 Mich. 355, where in a suit upon a contract with the defendant to recover whatever was worth saving from a sunken vessel, in consideration of one-half of the net amount realized by defendant from the sale of the articles recovered, the contract was set forth in full in the declaration, and its execution was not denied under oath. And it was held that proof of the execution of the instrument was therefore unnecessary.