## NAFTZKER *v.* LANTZ.

1. ACTION ON NOTES—EXECUTION—DELIVERY—DENIAL—AFFIDAVIT—CHARACTER OF DEFENDANT.

Under Circuit Court Rule No. 8 and 1 Comp. Laws, § 826, failure to deny on oath the execution of the written instrument sued on, at the time of entering the plea, admits, not only its execution, but its delivery and the partnership of defendants; it purporting to be signed by a partnership.

2. SAME—APPEAL FROM JUSTICE—PLEADING—AMENDMENT.

On appeal from justice's court, an amendment denying the execution of the instrument sued on is properly denied, where

the question was not raised below, except by an unsworn notice filed with the plea, and defendants allowed judgment there to go practically by default.

Error to Monroe; Lockwood, J.   Submitted June 27, 1904.   (Docket No. 203.)   Decided July 27, 1904.

Assumpsit by Jacob Naftzker against Henry Lantz, Gordon Lantz, and Myron Lantz, copartners as Lantz & Co., on a promissory note.   There was judgment for plaintiff on a verdict directed by the court, and defendants bring error.   Affirmed.

*Willis Baldwin,* for appellant.

*W. L. McAran,* for appellee.

HOOKER, J.   The plaintiff sued the three defendants, father and sons, as copartners, in justice's court, upon a promissory note signed "Lantz & Co."   They appeared by counsel, and plaintiff declared upon the note, filing the same with the justice at the time of pleading, in conformity to the practice permitted by 1 Comp. Laws, § 826, which provides:

"When any written instrument purporting to be executed by one of the parties is declared upon or set off, it may be used in evidence on the trial of the cause against such party, without proving its execution, unless its execution be denied by oath, at the time of declaring, or pleading, or giving notice of set off, if such instrument shall be produced and filed with the justice."

The defendants pleaded the general issue, accompanied by an unsworn notice that they would "give evidence tending to show that said defendants never were partners, and that there is no joint liability among them, upon the claim described in plaintiff's declaration, and that defendants Myron and Gordon Lantz did not undertake to pay, assume, or become responsible for any part of the claim described."

The justice rendered a judgment for $86.76, including

costs.  It is stated, and not denied, that, though the defendants were present, they offered no evidence in support of the plea (and the record implies this), but afterwards appealed.  On March 10, 1904, the cause was noticed for trial, and a week later defendants filed a motion for leave to amend their plea and notice, accompanying the same by an affidavit, made by Myron and Gordon Lantz, denying the execution of the note declared upon.  This motion was denied upon the ground that it should have been filed at the time of joining issue.  The motion was renewed at the time of the trial, two days after its first denial, and was again denied, the court stating:

"There has been a motion made in this case for an order allowing defendant to amend his plea by filing an affidavit denying the execution of this note by the two defendants Gordon and Myron Lantz.  That motion has been denied, and is again renewed.  I again deny the motion.  I am of the opinion that under the justice of the peace acts the affidavit should have been filed at the time of filing the plea.  I am also of the opinion that, if the court has power after the appeal to allow this amendment, notwithstanding the statute governing the justice's court, that I should not allow it for the reason that it will materially change the issue in the justice's court; in other words, would form a new issue in this court.  For these two reasons I think the motion should be denied."

Upon the trial defendants' counsel offered to show that the so-called firm of Henry Lantz & Co. consisted solely of Henry Lantz; that previous to the time the note was given he had been in copartnership with two other men, but this was dissolved at the death of one of them, and Henry Lantz continued to use the firm name, though sole proprietor of the mill at the time the note was given; that the two other defendants worked in the mill for wages, and had no interest in the business; and that the note was the sole obligation of Henry Lantz.  Testimony in support of this offer was rejected, and a verdict for plaintiff was directed by the court, and a motion for new trial was subsequently denied.  Defendants have appealed.

The questions raised are: (1) Did the court err in refusing to allow the proposed amendment? (2) Was the testimony offered admissible under the pleadings? (3) Was it error to direct a verdict for the plaintiff?

A rule of the circuit court reads as follows:

" Upon the plea of the general issue in an action upon any written instrument, under seal or without seal, the plaintiff shall not be put to the proof of the execution of the instrument or the handwriting of the defendant unless the defendant, or some one in his behalf, shall file and serve a copy of an affidavit denying the same." Cir. Ct. Rule No. 8.

This rule has been applied in many cases holding its meaning to be that a failure to file the affidavit provided for therein is an admission of the execution by the defendant who omits to file the affidavit. *Hoard* v. *Little*, 7 Mich. 468; *Thatcher* v. *West River Nat. Bank*, 19 Mich. 196; *Polhemus* v. *Ann Arbor Savings Bank*, 27 Mich. 44; *Peoria, etc., Ins. Co.* v. *Perkins*, 16 Mich. 380; *Lobdell* v. *Manufacturers' Bank*, 33 Mich. 408; *Jacobson* v. *Miller*, 41 Mich. 90 (1 N. W. 1013); *Inglish* v. *Ayer*, 92 Mich. 371 (52 N. W. 639); *People* v. *Johr*, 22 Mich. 461; *Union Central Life-Ins. Co.* v. *Howell*, 101 Mich. 334 (59 N. W. 599). The statute hereinbefore cited is given a similar construction in *Pegg* v. *Bidleman*, 5 Mich. 26. The claim that the delivery is not included in the admission is without force. The statute and rule would be of little value if it were so, and they have been otherwise construed.

The question of copartnership is unimportant. By failing to file affidavits seasonably, the defendants admitted that they executed and delivered the note, and that whoever signed it bound them by the signature. This necessarily admits the copartnership, in view of the signature to the note. Neither the justice nor the circuit judge would have been justified in denying plaintiff a judgment upon the issue as it stood.

The remaining question relates to the proposed amend-

ment. As the case stood before the justice, issue was not taken upon the execution and delivery of the note. They were admitted by the pleading, notwithstanding the notice accompanying the plea of the general issue. An affidavit was indispensable if defendants sought to dispute the validity of the note. Defendants made no defense, but allowed judgment to go by default practically, and then appealed, and sought to spring a new defense inconsistent with their pleading. We think it within the discretion of the circuit judge to deny the motion.

The judgment is affirmed.

The other Justices concurred.