OCEANA CANNING CO. *v.* KING.

1. CARRIERS — FREIGHT SHORTAGE — ADMISSIONS — PRINCIPAL AND AGENT.

A freight bill, upon which appears an indorsement by an authorized agent of the carrier at the point of destination that the shipment is a certain number of cases short, constitutes an admission of shortage and of nondelivery.

2. EVIDENCE—COURT RULES—WRITTEN INSTRUMENT—PROOF.

Circuit Court Rule 33, providing that upon the plea of general issue being made in an action upon any written instrument, the plaintiff shall not be put to proof of the execution thereof or of the handwriting of the defendant

unless defendant files and serves a copy of the affidavit denying the same, applies only to the instrument sued upon, and has no reference to a paper which may be used as evidence to support the plaintiff's claim.

3. CARRIERS—GENERAL ISSUE—AFFIRMATIVE DEFENSES—PLEADING. Proof by a carrier that goods shipped were delivered is not an affirmative defense within Circuit Court Rule 23, providing that an affirmative defense must be plainly set forth in a notice attached to the defendant's plea.

4. SAME—FREIGHT SHORTAGE—NEGLIGENCE—QUESTION FOR JURY. In an action against a railroad company by the assignee of a claim of the consignee of a shipment of goods for damages for negligent performance of the contract of carriage, resulting in a shortage of goods received by plaintiff's assignor, where it appeared that the freight bill, with an admission thereon of shortage, signed by an agent of the carrier, was introduced in evidence, but that the seal of the car was intact when the car was delivered to the consignee; that all of the goods were not removed during the day and there was no evidence that the car was sealed during the night following the first day, and the shortage was not discovered until the goods reached the warehouse of plaintiff's assignor, *held*, that it was a question for the jury whether there was a shortage which was due to the negligent performance of defendant's contract.

Error to Oceana; Sullivan, J. Submitted January 5, 1917. (Docket No. 36.) Decided March 30, 1917.

Case by the Oceana Canning Company against Paul H. King and Dudley E. Waters, receivers of the Pere Marquette Railroad Company, for the loss of certain freight in transit. Judgment for plaintiff on a directed verdict. Defendants bring error. Reversed.

*Parker, Shields & Brown* (*Oscar E. Waer, Seward L. Merriam,* and *John C. Bills,* of counsel), for appellants.

*A. S. Hinds,* for appellee.

Plaintiff in its own right and as assignee of Franklin MacVeagh & Co., brings this action against defendants, as receivers of the Pere Marquette Railroad Company, counting in its declaration upon the negligent performance by the defendants of their contract of carriage and their duty as common carriers in transporting from Shelby, Mich., to Chicago, Ill., a consignment of 650 cases of canned peaches, in that they only delivered 550 cases, the shortage of 100 cases being of the value of $220. To this declaration plaintiff attached a copy of the freight bill upon which there appeared in red ink: "102 cases short. C. Harsch, O. F. S. 11/14/12." The defendant pleaded the general issue and added a notice of defense which is not insisted upon and becomes unimportant. The bill of lading introduced by plaintiff was issued at the Shelby office of the railroad company and bears date October 29, 1912, and shows receipt of the 650 cases of peaches consigned by plaintiff to Franklin Mac-Veagh & Co. at Chicago, Ill., that they were to be shipped in Erie car No. 74559, and were to be and were as the record discloses, shipped over the lines of the Pere Marquette. Plaintiff also produced the receiving clerk of Franklin MacVeagh & Co., and he gave testimony tending to show that on hauling this shipment from the team track of the Pere Marquette to Franklin MacVeagh & Co.'s warehouse, which was the Great Western Warehouse, the shipment checked 102 cases short; that upon receipt of the freight bill he returned the same to the railroad company, requesting the notation of the shortage, and that it was returned by the railroad company with the notation in red ink, "102 cases short. C. Harsch, O. F. S. 11/14/12," and thereupon the freight was paid; the witness was not at the car when the same was unloaded and did not count the cases; that he received his records from the teamsters; and that all he knew about the shortage

was from the records of the teamsters and the warehouse. The check clerk of the warehouse also testified to the shortage at the warehouse; that the goods in question were hauled from the Pere Marquette to the warehouse by a teamster named Healy, who reported a shortage of 102 cases; but that the witness checked in 550 cases, there being 2 more cases on the wagon than reported by the teamster. The teamster was not called as a witness. The value of the canned peaches was proven as alleged in the declaration. Defendant gave testimony tending to show that there were only two doors on the car in which this shipment was made, each of which was sealed at Shelby with certain numbered seals; that the car, Erie No. 74559, with seals intact, was delivered on a team track of the Pere Marquette Railroad Company in the city of Chicago to the teamsters of Franklin MacVeagh & Co. on November 5, and that the seals were then broken by the agents of the railroad on delivery to the teamster and to enable them to get into the car; that a part of the goods were taken out the 5th of November and the balance the 6th. There is no testimony whether the car was sealed up at night or not.

Defendant also produced as a witness O. F. Steffins, claim clerk of the railroad company at Chicago, who signed the notation by initials "O. F. S." He testified that shortage notations were put on freight bills when requested by the consignee, and that such notations as appeared on the freight bill in question signifies a claim of shortage by the consignee, but does not establish such shortage. He says:

"*Q.* Now just state how you came to put that notation on the expense bill.

"*A.* Why the consignee or his agent or teamster, or whoever made the request, asked for the notation to be placed on there so that they could pay the freight bill. I don't remember writing this notation on the original expense bill at Chicago. When the request

was made for the notation, I don't know what I did. I might have called up the team track. I might have looked up in the tally. I might have taken a chance. I don't know whether there was a shortage existing or not. I don't know whether the shipment had been checked over by the railroad company's employees. I didn't satisfy myself that there was a shortage. As far as I am concerned, I didn't know if there was any shortage. I place as high as 50 and 60 a day. Sometimes I make an investigation. I might have made an investigation as to whether or not there was a shortage. I made this notation on the expense bill that there was a shortage without satisfying myself if it was true; yes, sir."

Defendant also called as a witness John J. Waite, station agent at Shelby. On cross-examination this witness testified:

"*Q.* And in regard to certifying shortages, what is the rule as to that?

"*A.* Certifying shortages. I wouldn't certify a shortage to a carload, because we don't check them.

"*Q.* Is it not considered and is it not one of the rules of the company that the person certifying a shortage must be satisfied that there is a shortage before he certifies it?

"*A.* Certainly.

"*Q.* And is it not considered, and isn't it one of the rules, that a shortage certification by the agent is conclusive as to that shortage?

"*A.* Yes; by the agent."

At the close of the proofs both parties asked for a directed verdict, the plaintiff basing his motion on the grounds that, a copy of the freight bill with the notation above referred to having been attached to the plaintiff's declaration, and no affidavit having been filed denying its execution, the defendants could not, under Circuit Court Rule 33, deny their liability, and upon the further ground that plaintiff's case was established by the uncontradicted evidence. The defendants' grounds were that the plaintiff had failed

to make out a case showing any shortage at the time of delivery of the car to the consignee on the team track; that the only proof of shortage was at the warehouse of plaintiff's assignor some distance away; that a verdict cannot be predicated upon evidence which tends equally to sustain either of two inconsistent propositions, neither of which can be said to have been established by legitimate proof; and that plaintiff had therefore not discharged the burden of proof which the law casts upon it. The court directed a verdict for the plaintiff, and the case is brought here by the defendants.

By appropriate assignments of error the defendants raise two questions, viz.:

*First,* was there error in directing a verdict for the plaintiff?

*Second,* was there error in refusing to direct a verdict for the defendants?

FELLOWS, J. (*after stating the facts*).   It is the claim of the plaintiff here, and was in the court below, that inasmuch as it attached to the declaration a copy of the freight bill upon which appeared the shortage notation referred to in the statement of facts, the notation was an admission of liability, and that, in the absence of an affidavit denying its execution, defendants could neither deny nor explain it; that not only was the execution of the paper admitted but also the authority of the agent to execute it, citing Circuit Court Rule 33; *Citizens' Savings Bank* v. *Brass Works,* 155 Mich. 3 (118 N. W. 507); *Inglish* v. *Ayer,* 92 Mich. 370 (52 N. W. 639). It must be apparent from what has already been said that the freight bill, with the notation, was not the instrument upon which the action was grounded. It was upon its face an admission of shortage, of nondelivery, and created no contract relations.   Circuit Court Rule 33 provides:

"Upon the plea of the general issue in an action

upon any written instrument, under seal or without seal, the plaintiff shall not be put to the proof of the execution of the instrument or the handwriting of the defendant, unless the defendant or some one in his behalf shall file and serve a copy of an affidavit denying the same, and this rule shall apply in actions brought against indorsers as well as other parties, and shall also apply in favor of a defendant in cases where claims by way of set-off are insisted upon by him. Such affidavit shall be filed, when by the defendant, with the plea, and, when by the plaintiff, within ten days after service of the specific set-off claimed; but the court may, upon proper showing, enlarge the time for filing such affidavit."

It will be noted that this rule has reference to actions upon written instruments, and in such actions "plaintiff shall not be put to the proof of the execution of the instrument or the handwriting of the defendant." This must be construed to apply, and only to apply, to the instrument sued upon. It has no reference to a paper which may be used as evidence to support the plaintiff's claim, and which is not the instrument upon which the cause of action is based, and which creates no contract relations between the parties. Plaintiff's position as to the construction of this rule is therefore untenable. Nor is the plaintiff aided by Circuit Court Rule 23. One of the essential elements of the plaintiff's case was nondelivery of the goods shipped; proof by the defendants that the goods shipped were delivered was not an affirmative defense within the meaning of Circuit Court Rule 23, but might be shown under the general issue. *Williams* v. *Brown,* 137 Mich. 569 (100 N. W. 786) ; *Greenman* v. *O'Riley,* 144 Mich. 534 (108 N. W. 421, 115 Am. St. Rep. 466).

We are of the opinion that the case was one of fact for the jury. While we have held that the freight bill with its notation was not the instrument sued upon within the meaning of Circuit Court Rule 33, there was sufficient evidence in the case that it was signed

by an authorized agent of defendant; it was an admission of. shortage, and it was for the jury under all the evidence to say whether it had been sufficiently explained away. This admission, with the other evidence, was sufficient to take the plaintiff's case to the jury; on the other hand, the proof that the seals on the car were intact when the car was delivered to Franklin MacVeagh & Co., that all the goods were not removed during the day, the absence of any evidence that the car was sealed during the night of the 5th of November, the fact that upon the record the shortage was not discovered until the. goods reached the warehouse of plaintiff's assignor, was sufficient to take the case to the jury on behalf of the defendant.

It therefore follows that it was error for the court to direct a verdict for the plaintiff, but that it was not error to refuse to direct a verdict for the defendant.

The case is reversed, and a new trial ordered. Defendants will recover costs of this court.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.