OCEANA CANNING CO. *v.* KING.

1. EVIDENCE—HEARSAY—CARRIERS—FREIGHT SHORTAGE.
    In an action against a railroad company by the assignee of a claim of the consignee for a shortage of goods, testimony by an agent of the consignee as to what the teamster told him about the number of cases he hauled from the car to the warehouse was inadmissible as hearsay.

2. SAME—TRIAL—APPEAL AND ERROR.
    In view of positive testimony to the effect that the car was delivered to the consignee with the seals unbroken, and the only testimony of the shortage exclusive of the hearsay testimony of the teamster, was a notation made upon the freight bill by defendant's agent without an investigation, it cannot be said that the objectionable testimony does not constitute reversible error.

3. CUSTOMS AND USAGES—EVIDENCE—NOTICE—APPEAL AND ERROR.
    Evidence of consignee's custom with reference to securing
        from the carrier notations of shortages upon freight bills,
        in the absence of evidence showing that defendant knew
        of such custom, while inadmissible, was harmless error.

4. TRIAL—INSTRUCTIONS—BIAS OF COURT.
    Where the trial judge, in his charge to the jury, taken as
        a whole, plainly indicated his bias, it is open to criticism.

5. DEPOSITIONS—APPEAL AND ERROR—EVIDENCE—SAVING QUESTIONS
    FOR REVIEW.
    The card containing the sealed record on arrival of the
        train at Chicago, part of the official records of the defend-
        ant, offered in evidence by defendant and identified by a
        witness on deposition, who, after identifying it, stated
        its contents, should have been admitted in evidence, al-
        though the card was not attached to the deposition, where
        no objection was made at the time the deposition was
        taken.

Error to Oceana; Sullivan, J.   Submitted January
25, 1918.   (Docket No. 90.)   Decided March 27, 1918.

Case by the Oceana Canning Company against Paul
H. King and Dudley E. Waters, receivers of the Pere
Marquette Railroad Company, for the loss of freight
in transit.   Judgment for plaintiff.   Defendants bring
error.   Reversed.

*Norris, McPherson, Harrington & Waer* (*Parker,
Shields & Brown,* of counsel), for appellants.

*A. S. Hinds* for appellee.

BROOKE, J.   For a statement of facts involved in
this case see *Oceana Canning Co.* v. *King,* 195 Mich.
628.   We there held that the question whether the
shortage of 100 cases occurred before delivery, or
after the car with the seals intact was delivered to the
consignee, was one of fact for the determination of
the jury under the evidence.

Upon this trial the plaintiff, to sustain his conten-

tion that the shortage occurred before delivery, offered the testimony of one Harnett, who, over the objection of defendants, was permitted to testify as follows:

"I received a notice from Franklin MacVeagh & Company through the freight house foreman that such a shipment was coming to us, coming to the warehouse, car 74559, 650 cases, and that car didn't come to the warehouse—it was hauled by team to the Pere Marquette Railroad Company and we received 550 cases. Now, that teamster, to the best of my recollection, is a man named Healy. He hauled the whole thing as far as I can remember, and he brought one load, and he said—I think he said he had 98 cases—either 98 or 100, but whatever number he said he had anyhow, he had two cases more on the wagon than he counted, and when he had the shipment completed he told me that a man at the Pere Marquette Railroad Company delivered him 548 cases. I checked in 550 cases and then I went up and made out a receipt to Franklin McVeagh & Company for 550 cases, and pinned the notice on the back of the copy of that receipt. That is all I know about it."

The specific objection to this testimony was that, so far as it related to the statement of Healy, the teamster, it was hearsay. We are of opinion that the objection was well taken and the statement of the witness as to what Healy told him as to the number of cases delivered should have been excluded as pure hearsay. In the light of the fact that the defendants introduced positive testimony to the effect that the car was delivered to the consignee upon the team track with the seals unbroken and that the only testimony contained in the record (excluding the alleged statement of Healy) is based upon the notation of the shortage upon the freight bill made by an agent of the company, we are unable to say that the admission of the objectionable testimony does not constitute reversible error.

Testimony was admitted, over objection, tending to show the custom of the consignee with reference to

securing from the carrier notations of shortages upon freight bills. While we think this testimony was inadmissible, there being no evidence tending to show that the defendants knew of such custom, its admission would, we think, be harmless error.

Error is assigned upon the charge of the court. We think this charge, taken as a whole, is plainly open to the criticism that it indicates the bias of the learned trial judge who delivered it. More particular reference thereto is unnecessary.

Exhibit "A," offered in evidence by the defendants, should have been admitted. This was a card containing the sealed record on arrival of the train at Chicago. The record was taken at Tracy yard where the car was delivered to the consignee and was a part of the official records of the defendants. The witness who identified the card testified by deposition, and, after identifying it, stated its contents, but the card itself was not attached to the deposition. As no objection was made at the time the deposition was taken, we are of opinion the exhibit should have been admitted. Other assignments require no discussion.

The judgment is reversed, with costs, and a new trial ordered.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.