## CHARVAT v. GILDEMEISTER.

APPEAL AND ERROR—MISCARRIAGE OF JUSTICE—EVIDENCE—SIGNA-TURE—PROOF.

Where it cannot be said that error, if any, in the admission of evidence as to defendant's signature on a contract, resulted in a miscarriage of justice under 3 Comp. Laws 1915, § 14565, the case will not be reversed therefor.

Error to Wayne; Richter (Theodore J.), J.   Sub-

mitted January 17, 1923. (Docket No. 107.) Decided March 22, 1923.

Case by Louis Charvat against Charles B. Gildemeister for fraud. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*Davidow & Davidow*, for appellant.

*Edward Pokorny*, for appellee.

WIEST, C. J. This is a companion case to that of *Elizabeth Charvat* v. *Gildemeister, ante,* 286, in which an opinion is handed down herewith. The facts and questions of law are so near alike in both cases that the briefs in *Elizabeth Charvat's Case* are the briefs in this. The case is governed by the opinion in *Elizabeth Charvat's Case,* with the exception of one question.

In this case no witness had seen defendant write or sign his name. The contract, like those in the other case, purported to be signed by defendant, also letters about the matter received by plaintiff and his attorney. The attorney testified he wrote defendant and received the letter offered in evidence in reply. The contract and letters were received in evidence over the objection of defendant.

This action being in tort defendant was not called upon to deny the contract and letters under Circuit Court Rule No. 33, as this rule is applicable only to the paper sued on (*Oceana Canning Co.* v. *King,* 195 Mich. 628).

Plaintiff testified that he received a communication from defendant about a year before the trial, and he had compared the signature to that letter with the signature on the contract and they were alike.

While the question, on this record, is a close one (*Pinkham* v. *Cockell,* 77 Mich. 265), and without

approving of the method here adopted, we think the technicality is rendered abortive by section 14565, 3 Comp. Laws 1915. It does not affirmatively appear that the error complained of has resulted in a miscarriage of justice.

The judgment is affirmed, with costs to plaintiff.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.